UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HASA NGUYEN,

    Petitioner,

v.                                              Case No: 6:23-cv-1560-JSS-LHP

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, Hasa Nguyen, seeks a writ of habeas corpus under 28 U.S.C. § 2254, (Dkt. 4), and supports his petition with a memorandum of law, (Dkt. 5). Respondent, State of Florida, filed a response to the petition, (Dkt. 11), and Petitioner filed a reply, (Dkt. 13). Petitioner raises three grounds for relief. (*See* Dkts. 4, 5, 13.) For the reasons outlined below, the court denies the petition.

## BACKGROUND

Petitioner was charged by information with trafficking in twenty-eight grams or more of heroin (count one), conspiracy to traffic in twenty-eight grams or more of heroin (count two), trafficking in fourteen grams or more of heroin (count three), trafficking in four grams or more of heroin (count four), and unlawful use of a two-way communication device to facilitate the commission of a felony (count five). (Dkt. 11-1 at 43–45.) A jury found him guilty of counts one, two, three, and five and not guilty of count four. (*Id*. at 115–19.) The trial court subsequently vacated the verdict

of count two and dismissed the count. (*Id*. at 95.) The trial court adjudicated Petitioner guilty of counts one, three, and five and sentenced him to imprisonment for a total term of twenty-five years. (*Id*. at 99–106.) Petitioner appealed the judgment and sentence, and Florida's Fifth District Court of Appeal affirmed per curiam. (*Id*. at 665.)

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising six claims. (*Id*. at 773–98.) The trial court entered an order denying claims one through four, granting an evidentiary hearing as to claim five, and reserving ruling on claim six. (*Id*. at 853–62.) After the evidentiary hearing, the trial court entered an order denying the remaining claims and denying the Rule 3.850 motion. (*Id*. at 1200–07.) Florida's Sixth District Court of Appeal affirmed per curiam. (*Id*. at 1428.) Because the entire petition can be resolved on the record before this court, an evidentiary hearing in this court is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## APPLICABLE STANDARDS

Pursuant to the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, a federal court may not grant federal habeas relief with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States[,] or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the [s]tate court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established [f]ederal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). Under the first basis, a "federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently" from how the Supreme Court "has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. Under the second basis, a "federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) (quoting *Williams*, 529 U.S. at 409). Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *see Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (disregarding evidence not presented to the state court in deciding whether the state court's decision was contrary to federal law).

Section 2254(d)(2) permits a federal court to grant habeas relief if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2). However, the state court's "determination of a factual issue . . . shall be presumed . . . correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Parker*, 244 F.3d at 835–36.

To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that "counsel's performance was deficient." *Id.* at 687. To meet this prong, the petitioner must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* There is "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," *id.* at 689, and consequently, counsel's performance is deficient only if it falls below "the range of competence demanded of attorneys in criminal cases," *id*. at 687 (quotation omitted). As the Eleventh Circuit has explained, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [It] ask[s] only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts . . . should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their

> own strategy. [The inquiry is] not interested in grading lawyers' performances; [it is] interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted).

Second, the petitioner must demonstrate that prejudice was suffered because of the deficient performance. *Strickland*, 466 U.S. at 687. Prejudice is established when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the petitioner has made an insufficient showing as to one. *See Strickland*, 466 U.S. at 697; *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Moreover, "[t]he standards created by *Strickland* and [section] 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (cleaned up). Accordingly, "the cases in which habeas petitioners can properly prevail on . . . ground[s] of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## ANALYSIS

The court first discusses the three grounds for habeas relief raised in the petition.

It then examines the certificate of appealability issue.

### 1. Ground One

In ground one, Petitioner claims that the trial court "committed fundamental error by answering the jury's question in the affirmative" and stating "that the jury could find . . . Petitioner not guilty for entrapment on" count four but "guilty on the other charges." (Dkt. 5 at 1.) Petitioner asserts that the "comment was not permitted" and amounted to violations of the Fourteenth Amendment's right to due process and the Sixth Amendment's right to a fair trial. (*Id.*)

Petitioner raised a similar claim on direct appeal. (*See* Dkt. 11-1 at 626–35.) Petitioner contended that the trial court erred in denying his motion for a new trial because "the trial court committed fundamental error by answering the jury's question in the affirmative" and stating that the jury "could find [Petitioner] not guilty for entrapment" on count four but "guilty on the other charges." (*Id.* at 626 (emphasis omitted).) Petitioner further maintained that counsel was ineffective "for agreeing with the trial court that the jury's question should be answered in the affirmative." (*Id.* (emphasis omitted).)

Although Petitioner raised this claim on direct appeal, he did not present it in terms of the deprivation of a federal constitutional right. (*See id.* at 626–35.) Generally, a "federal court may not grant habeas . . . relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The "exhaustion of state remedies requires that [habeas] petitioners fairly

present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quotation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365–66; *accord Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[T]he prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." (quotation omitted)); *Snowden*, 135 F.3d at 735 ("[T]o exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

"[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). "A habeas petitioner can escape the procedural default doctrine [through either] showing cause for the default and prejudice or establishing a fundamental miscarriage of justice." *Id.* at 1306 (citation and quotation omitted). To overcome procedural default through a fundamental miscarriage of justice, the petitioner must make "a colorable showing of actual innocence." *Id.*

Because Petitioner did not raise this claim on direct appeal in terms of the deprivation of a federal constitutional right, ground one has not been exhausted. Future attempts at exhaustion would be futile, so ground one is procedurally defaulted

and is barred absent the application of an exception. Because Petitioner has not demonstrated either cause and prejudice or actual innocence to excuse the default, ground one is procedurally barred from federal habeas review.

### 2. Ground Two

In ground two, Petitioner asserts that his counsel's ineffectiveness "resulted in the loss of a [fifteen]-year favorable plea offer." (Dkt. 5 at 6.) Specifically, Petitioner claims, counsel "misadvis[ed] him that (1) his admissions to selling cocaine and marijuana could not be considered as evidence of predisposition to sell heroin and (2) he would be acquitted of all subsequent heroin transactions if the jury found him to have been entrapped for the initial heroin transaction." (*Id*. (emphasis omitted).) This claim was raised as claim five in Petitioner's Rule 3.850 motion, and after an evidentiary hearing on the matter, the trial court denied the claim. (Dkt. 11-1 at 1205–06.) The trial court determined that even if counsel had advised him correctly, Petitioner "would still have rejected the plea offer." (*Id*. at 1206.)

In the plea context, a defendant establishes *Strickland* prejudice by demonstrating a reasonable probability that he would have accepted the offer had counsel provided correct advice. *See Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012); *Missouri v. Frye*, 566 U.S. 134, 148–49 (2012). The Supreme Court of Florida has explained that prejudice "is determined based upon a consideration of the circumstances as viewed at the time of the offer and what would have been done with proper and adequate advice." *Alcorn v. State*, 121 So. 3d 419, 432 (Fla. 2013) (emphasis

omitted). To satisfy the prejudice requirement, the defendant must show a reasonable probability that

> (1) he . . . would have accepted the offer had counsel advised [him] correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 422.

Here, the trial court found that "counsel did not advise [Petitioner] that [the prosecution] would have had to prove entrapment on each charge. Nor did counsel advise [Petitioner] that the jury could consider his prior marijuana and cocaine sales as predisposition to traffic in heroin." (Dkt. 11-1 at 1205.) However, the trial court also determined that "[h]ad counsel advised [Petitioner] correctly, [he] would still have rejected the plea offer." (*Id.* at 1206.) The trial court explained:

> The testimony was uncontroverted that [Petitioner] was adamant that he was set up, that he believed [fifteen] years was a very long time, and that he had recently had a child. The testimony also revealed that [Petitioner] refused a possible deal with the [government] if he agreed to cooperate . . . . After being advised of the difficulty of the entrapment defense, [Petitioner] felt entrapment was a better option. Thus, [Petitioner] was not interested in a plea offer . . . . It would not have changed [Petitioner]'s decision if he had known that he had to establish entrapment on each charge and that the jury could consider his prior drug sales as evidence of predisposition.

(*Id.* at 1205–06.)

Petitioner has failed to demonstrate *Strickland* prejudice. The court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court

finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). As Petitioner has not shown the requisite prejudice under *Strickland*, Petitioner failed to demonstrate ineffective assistance of counsel as to ground two.

### 3. Ground Three

In ground three, Petitioner argues that the trial "court erred by summarily denying claims [one] through [four] without an evidentiary hearing." (Dkt. 5 at 12 (emphasis omitted).) Claim one was that "counsel was ineffective for failing to object to the trial court's answer in the affirmative to the jury question regarding whether it could find [Petitioner] not guilty by reason of entrapment on the initial transaction" but find him "guilty on the other charges." (Dkt. 11-1 at 854.) Claim two was that "counsel was ineffective for failing to object to the single defendant, multiple counts jury instruction." (*Id.* at 858.) Claim three was that "counsel was ineffective for failing to object to improper opinion testimony by a law enforcement officer regarding the honesty of another [s]tate witness." (*Id.* at 859.) Claim four was that "the trial court's answer to the jury question improperly commented on the evidence, and trial counsel was ineffective for failing to object to the court's answer." (*Id.* at 860.) This court discusses the claims in turn.

#### a. Claim One

As to claim one, the trial court determined both that Petitioner failed to

establish that counsel was deficient for failing to object and that there was no reasonable probability that the result of the trial would have been different had counsel objected. (*Id*. at 857.) Before deliberations, the jury was instructed as follows:

> If you find the defendant was entrapped, you must find the defendant not guilty of the crimes of trafficking in heroin [twenty-eight] grams or more, [fourteen] grams or more, [four] grams or more, conspiracy to traffic in [twenty-eight] grams or more of heroin, and unlawful use of a two-way communication device to facilitate the commission of the crime. However, if you find the defendant was not entrapped, you should find the defendant guilty if all the elements of the charges have been proven.

(*Id*. at 542.) During deliberations, the jury asked the following question: "Can the defendant be found not guilty for entrapment in trafficking in heroin [four] grams or more but still be found guilty on the other charges?" (*Id*. at 587.) The trial court answered, "Yes." (*Id*. at 588.) Petitioner contends that counsel should have requested that the trial court respond, "No." (*See* Dkt. 5 at 16.)

In rejecting Petitioner's claim, the trial court relied on *United States v. Isnadin*, 742 F.3d 1278, 1302 (11th Cir. 2014), which held:

> The district court gave an entrapment instruction and told the jury to consider the issue as to each count. It is immaterial for purposes of our analysis whether the district court did so based upon a finding that there was a course of conduct or, alternatively, because it analyzed the inducement evidence as to each count separately. In either event, the trial court correctly shifted the burden to the [g]overnment to prove beyond a reasonable doubt that [the codefendants] were predisposed to commit the crimes for which they were charged—not whether they were predisposed to commit a "course of conduct."
>
> To put it a slightly different way, even if the counts charged in the [i]ndictment formed part of the same course of conduct, and even if [the codefendants] were induced as to all counts, there is still the question of whether they were predisposed to commit each of the crimes at issue. Because of the subjective, fact-intensive nature of the predisposition

> inquiry, it may well be that the facts of a given case indicate that an individual defendant is predisposed to commit some crimes, but not others.

(Dkt. 11-1 at 857 (quoting *Isnadin*, 742 F.3d at 1302).) Applying *Isnadin* to Petitioner's case, the trial court then stated:

> Similarly, in the instant case, the jury was not required to find [the d]efendant not guilty of all charges if they found entrapment on one charge. It would have been permissible for the jury to find that [the d]efendant was entrapped on the first transaction, but also find that after having time to contemplate, he was a willing participant and was not entrapped as to the subsequent transactions. The court would have overruled trial counsel's objection to the court's answer to the jury's question.

(*Id.* at 857–58 (citation omitted).)

The court concludes that the trial court did not commit error when it answered, "Yes," to the jury's question and determined that counsel was not deficient regarding this matter. Further, the trial court did not need an evidentiary hearing to properly deny claim one based on the law as applied to Petitioner's case. Petitioner has failed to demonstrate that his counsel acted deficiently or that he sustained prejudice. The court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Accordingly, as to claim one, ground three is without merit.

   a. **Claim Two**

As to claim two, the jury was instructed:

> A separate crime is charged in each count of the [i]nformation and, although they have been tried together, each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict to the other crimes charged.

(Dkt. 11-1 at 582–83.) Petitioner argues that his sole defense was that he was entrapped as to the initial heroin sale and that "the instruction regarding single defendant, multiple counts was conflicting [and] misleading and negated his sole defense of entrapment"; therefore, counsel should have objected to the instruction. (Dkt. 5 at 19.) The trial court denied this claim, deeming it meritless:

> The jury was properly instructed to consider the evidence separately for each crime and render a separate verdict on each charge. The instruction did not negate his sole defense of entrapment. The jury could have found he was entrapped on each charge. Conversely, had the jury found no entrapment on any charge, the jury would still need to render a separate verdict on each charge. Trial counsel would have had no basis to object, and an objection would have been overruled. Thus, [the d]efendant has not demonstrated counsel was deficient and has not established prejudice.

(Dkt. 11-1 at 859.)

This court agrees with the trial court, which did not require an evidentiary hearing to properly deny claim two. Petitioner has failed to demonstrate that his counsel acted deficiently or that he sustained prejudice. The court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the

evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Accordingly, as to claim two, ground three is without merit.

### a. Claim Three

The trial court denied claim three, concerning purportedly improper opinion testimony by a law enforcement officer about another individual who testified for the prosecution, because there was no showing of prejudice. (Dkt. 11-1 at 860.) The officer's testimony initially referenced the reliability of confidential informants in general and how law enforcement determines when a person is suitable to be a confidential informant. (*Id.* at 419–20.) The officer testified that a confidential informant must "be . . . straightforward, honest, dependable, [and] reliable." (*Id.* at 420.) The prosecution identified a particular individual by name (another state witness in the case) and asked the officer what made the individual a good confidential source. (*Id.* at 428.) The officer responded that the individual "was extremely reliable and dependable. He was honest. He was intelligent enough to . . . carry out the task at hand . . . . And he had . . . knowledge of certain" people to whom the government wanted access. (*Id.*)

The trial court determined that an objection based on improper opinion testimony would have been overruled because the officer was not vouching for the individual's credibility; rather, the officer was discussing confidential informants in general. (*Id.* at 860.) The trial court further explained:

> [E]ven if counsel objected to or had not elicited [the officer]'s further testimony that [the individual] was honest, there is no reasonable

> probability that the result of trial would have been different. The testimony was a minimal feature of the trial and would not have made a difference in the jury's verdict. The jury heard [the individual]'s testimony, as well as [the d]efendant's testimony that if it were not for [the individual], [the defendant] would not have sold heroin. In closing, trial counsel also argued that [the individual] was not credible due to his substantial interest in the case. Ultimately, the jury found [the individual] to be credible. [The d]efendant cannot establish prejudice as to this [claim]. Accordingly, the [c]ourt summarily denies [it].

(*Id.* (citations omitted).)

The trial court did not err in deciding claim three without an evidentiary hearing. Petitioner has failed to demonstrate that his counsel acted deficiently or that Petitioner suffered prejudice. The court considers the claim in light of the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court concludes that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Accordingly, as to claim three, ground three is without merit.

### a. Claim Four

As to claim four, Petitioner argues that the trial court's simple affirmative answer to the jury question about entrapment improperly commented on the evidence and that trial counsel was ineffective for failing to object to the court's answer on this basis. (Dkt. 5 at 21.) The trial court denied this claim because the trial court "did not comment on the evidence" when it answered, "Yes," and because it "would have

overruled an objection based on an improper comment on the evidence." (Dkt. 11-1 at 861.) The trial court stated:

> [T]he claim lacks merit. . . . The court's answer, "[Y]es," to whether the jury could find [the d]efendant not guilty due to entrapment on one charge and guilty on all other charges does not amount to a comment, let alone an improper comment, on the evidence. . . . [C]ounsel was not ineffective, and [claim] four is summarily denied.

(*Id.*)

The court agrees that the trial court did not comment on the evidence but merely answered the jury question, and an evidentiary hearing was unnecessary for the trial court to make this determination. The court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Accordingly, as to claim four, ground three is without merit.

### 4. Certificate of Appealability

A court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the "petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the

petitioner need not "show[] that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Here, Petitioner has not demonstrated that reasonable jurists would find the court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner failed to make a substantial showing of the denial of a constitutional right. Thus, the court denies Petitioner a certificate of appealability and leave to proceed in forma pauperis.

## CONCLUSION

Accordingly:

1. The petition for writ of habeas corpus (Dkt. 4) is **DENIED**, and this case is **DISMISSED with prejudice**.
2. Petitioner is **DENIED** a certificate of appealability and leave to proceed in forma pauperis.
3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment in favor of Respondent, and close this case.

**ORDERED** in Orlando, Florida, on April 11, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record